

U.S. Department of Justice

United States Attorney
District of Connecticut

**FILED**
2004 DEC 23  A 10: 36
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Connecticut Financial Center
157 Church Street
P.O. Box 1824
New Haven, Connecticut 06510

(203) 821-3700
Fax (203) 773-5376
www.usdoj.gov/usao/ct

November 22, 2004

Stanley A. Twardy, Jr., Esq.
Day Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901-2047

> Re: United States v. Arthur A. Watson & Company, Inc.
> Criminal No. 3:04CR366 (AHN)

Dear Mr. Twardy:

This letter confirms the plea agreement entered into between your client, Arthur A. Watson & Company, Inc. (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal case.

The Plea and Offense

The defendant agrees to plead guilty to a single count information charging it with making illegal campaign contributions, in violation of 2 U.S.C. §§ 441b(a) and 437g(d). The defendant understands that in order to be guilty of this offense, the following must have occurred:

1. That the defendant was a corporation organized under the laws of Connecticut;

2. That the defendant made contributions to a federal candidate in violation of the prohibition against corporate contributions contained in the Federal Election Campaign Act; and

3. That the defendant did so knowingly and willfully.

The Penalties

This offense, a Class A misdemeanor, carries a maximum penalty of five years' probation and a fine. The fine amount shall not exceed the greater of $25,000 or 300% of any contribution or expenditure involved in the offense, which is $24,000 (300% of $8,000). Also, the defendant is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the

Stanley A. Twardy, Jr., Esq.                - 2 -                         November 22, 2004

gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $200,000 or (4) the $25,000 stated in the offense. The Court may impose a term of probation that may include a condition requiring the payment of restitution for the full amount of the victim's loss. U.S.S.G. §§ 8B1.1, 8D1.1, and 8D1.4. Other conditions may include requiring the defendant to remedy the harm caused by the offense and to eliminate or reduce the risk that the instant offense will cause future harm, and community service, U.S.S.G. §§ 8B1.2(a) and 8B1.3.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $125 on the count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (i) and 3612(g).

Restitution

In addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. §3663. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless ordered otherwise by the Court. Restitution appears inapplicable in this case.

Sentencing Guidelines

1. Applicability

The defendant understands that the Sentencing Reform Act of 1984 and the Sentencing Guidelines apply in the case. The defendant understands that the Court is required to consider any applicable Sentencing Guidelines, but may depart from those Guidelines under some circumstances. The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that it has no right to withdraw its guilty plea if its sentence or the Guideline application is other than it anticipated.

Stanley A. Twardy, Jr., Esq.                    - 3 -                      November 22, 2004

2. <u>Guideline Stipulation</u>

Chapter eight of the Sentencing Guidelines apply in this case. U.S.S.G. § 8B1.1. The Government and the defendant calculate the defendant's applicable Sentencing Guidelines using the current Guidelines Manual to be at a fine range of $8,000 to $16,000.

The defendant's culpability score, based on the factors set forth in U.S.S.G. § 8C2.5, is 5 (5 points to start, plus 2 point under subsection (b)(4) based on the defendant having 50 or more but less than 200 employees and an individual with substantial authority participated in the offense, and less 2 points for acceptance of responsibility because the defendant fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct). The Government will recommend the acceptance points only if the defendant fully, completely, and truthfully discloses to the Probation Office the information requested, the circumstances surrounding its commission of the offense, and its criminal history. This recommendation is further conditioned upon the defendant's submission to the Probation Office, prior to the date of sentencing, of a complete and truthful financial statement setting forth all assets, including but not limited to, cash deposits, securities, real estate, and other property owned by or held on behalf of the defendant in the defendant's own name or any other name. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation of the two point reduction. Also, the Government will not make this recommendation if the defendant engages in any acts which (1) indicate that it has not terminated or withdrawn from criminal conduct or associations (U.S.S.G. § 3E1.1); (2) could provide a further basis for an adjustment for obstructing or impeding the administration of justice (U.S.S.G. § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw its guilty plea. The defendant expressly understands that it may not withdraw its plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

The defendant's fine range is $8,000 to $16,000. This range is arrived at under U.S.S.G. § 8C2.7 by multiplying the applicable base fine determined under section 8C2.4 by the applicable minimum multiplier and applicable maximum multiplier under section 8C2.6. The base fine is $8,000 because it is the value of the unlawful payment. U.S.S.G. §§ 8C2.4(b) and 2C1.2(c). The applicable culpability score of 5 translates into a minimum multiplier of 1.0 and a maximum multiplier of 2.0. U.S.S.G. § 8C2.6.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline fine range specified above or the parties' positions concerning a particular sentence. The defendant further expressly understands that it will not be permitted to withdraw the plea of guilty if the Court does not impose a sentence it requests or imposes a sentence outside the Guideline range set forth in this agreement.

Stanley A. Twardy, Jr., Esq.          - 4 -          November 22, 2004

### 4. Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances it is entitled to appeal its conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. §§ 2255 or 2241, the conviction or sentence imposed by the Court if that sentence is within the Guideline range identified above, even if the Court reaches a sentencing range permitting such a sentence by a Guideline analysis different from that specified above. The defendant expressly acknowledges that it is waiving its appellate rights knowingly and intelligently. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the agreed Guideline calculation.

### 5. Information to the Court

The Government and the defendant expressly reserve their rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

## Waiver of Rights

### 1. Waiver of Trial Rights and Consequences of Plea

The defendant understands that it has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent it.

The defendant understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against it, the right not to be compelled to incriminate itself, and the right to compulsory process for the attendance of witnesses to testify in its defense. The defendant understands that by pleading guilty it waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if it pleads guilty, the Court may ask it questions about the offense to which it pleads guilty, and if it answers those questions falsely under oath, on the record, and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or making false statements.

2. <u>Waiver of Statute of Limitations</u>

This plea agreement is the result of extended discussions between counsel for the defendant and the Government. The defendant understands that the three-year statute of limitations for the criminal offense as charged in the information has expired. 2 U.S.C. § 455. Based upon advice of counsel, the defendant knowingly and willfully waives all claims and defenses based on the statute of limitations with respect to the criminal offense charged in the information.

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any criminal prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any criminal prosecution that is not time-barred on the date the plea agreement is signed.

<u>Scope of Cooperation</u>

The defendant, which has been acquired by a new entity, agrees to cooperate fully with the Government and special agents of the Federal Bureau of Investigation and Internal Revenue Service as may be required. The defendant understands that all of its cooperation, testimony, statements, information and other assistance as provided below must be fully truthful, accurate and complete. This cooperation will include the following:

1. The defendant agrees to be debriefed and to disclose fully and truthfully and on a continuing basis all information concerning its knowledge of and participation in criminal activities by itself or others whether or not related to the charges to which it is pleading guilty. All documents and objects that may be relevant to the investigation and which are in the defendant's possession, custody or control shall be furnished by it upon request.

2. The defendant agrees to testify truthfully before a grand jury and at any trials or other proceedings in the District of Connecticut or elsewhere as may be required by the Government.

Stanley A. Twardy, Jr., Esq.  - 6 -  November 22, 2004

### Informing the Court/Others About Cooperation

The defendant expressly understands that the sentence to be imposed upon it is within the sole discretion of the sentencing Court. The Government cannot and does not make any promise or representation as to what sentence the defendant will receive, nor will it recommend any specific sentence to the sentencing Court. However, the Government will inform the sentencing Court and the Probation Office of the nature and extent of the defendant's cooperation, including its investigative or prosecutive value, completeness, truthfulness, and accuracy, or the lack of its value, completeness, truthfulness and accuracy. In addition, the Government will make this information known to any other administrative or governmental entity designated in writing by the defendant's counsel.

In addition, if the Government determines that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government will file a motion pursuant to sections 5K1.1 and 8C4.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e) advising the sentencing Court of all relevant facts pertaining to that determination and requesting the Court to sentence the defendant in light of the factors set forth in section 5K1.1(a)(1)-(5). The defendant understands that the determination whether or not to file such a motion rests solely with the Government. The defendant understands that even if such a motion is filed, the Court is under no obligation to grant or act favorably upon the motion. It is expressly understood that the sentence to be imposed on the defendant remains within the sole discretion of the sentencing Court.

### Use of Information Against Defendant

Except as provided below, the Government will not use any information disclosed by the defendant during the course of its cooperation against it in any subsequent, unrelated criminal prosecution. The defendant understands that under section 1B1.8 of the Sentencing Guidelines, the information that it discloses must be brought to the attention of the Court, but that such information may not be considered by the Court in determining the defendant's applicable sentencing guideline range. However, the defendant also understands, as set forth below, that if it breaches this agreement such information, statements or testimony will be considered by the sentencing court, and the Government may prosecute it for any federal criminal violation and may use any information, statements or testimony provided by it, as well as leads or evidence derived therefrom, in such prosecution. Nothing in this agreement shall be construed to protect the defendant from prosecution for perjury, false statement or obstruction of justice, or any other offense committed by it after the date of this agreement, and the information provided by the defendant may be used against it in any such prosecutions.

Stanley A. Twardy, Jr., Esq.                - 7 -                         November 22, 2004

Breach of Agreement

The defendant understands that if, before sentencing, it violates any term or condition of this agreement, violates a condition of its bond or supervised release, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. In addition, if the Government determines that the defendant has intentionally given false, misleading, or incomplete information or testimony; has failed to disclose its involvement in other criminal conduct; has committed or attempted to commit any further crimes; has failed to appear for sentencing; has failed to cooperate fully; or otherwise has violated any provision of this agreement, then the Government may deem all or part of this agreement null and void.

In the event the Government voids the plea agreement, the defendant will be subject to prosecution for the underlying offense as well as any other federal criminal violation, including but not limited to perjury, false statement, and obstruction of justice. Any such prosecution may be premised upon (1) any information or statement provided by the defendant to the Government or other designated law enforcement agents or officers, (2) any testimony given by it in court, grand jury, or other proceedings, and (3) any leads derived from such information, statement, or testimony. The defendant understands that such information, statements, testimony, and leads derived therefrom may be used against it in any such prosecution. Moreover, the defendant agrees that all such information, statements, or testimony shall be admissible in criminal proceedings against it, and it expressly waives any claim under the Constitution, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule or statute, that such information, statements, testimony, or leads should be suppressed or excluded. Finally, the defendant waives any claim that such prosecution is time-barred where the statute of limitations has expired between the signing of this agreement and the commencement of any such prosecution.

Acknowledgment of Guilt; Voluntariness of Plea

The defendant acknowledges that it is entering into this agreement and is pleading guilty freely and voluntarily because it is guilty. The defendant further acknowledges that it is entering into this agreement without reliance upon any discussions between the Government and it (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges its understanding of the nature of the offense to which it is pleading guilty, including the penalties provided by law. The defendant also acknowledges its complete satisfaction with the representation and advice received from its undersigned attorney. The defendant and its undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in this case.

Stanley A. Twardy, Jr., Esq.              - 8 -              November 22, 2004

### Not A Prevailing Party

The defendant expressly acknowledges that it is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the counts of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights it may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

### Scope of Agreement

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to it with respect to any civil or administrative consequences that may result from the plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. This includes the Federal Election Commission ("FEC"), which has civil and administrative jurisdiction under 2 U.S.C. § 437(g)(a) over Federal Election Campaign Act matters. The Government understands, however, that the defendant is in the process of entering into a conciliation agreement with the FEC and has proposed paying a civil penalty of $16,000. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving it.

### Collateral Consequences

The defendant further understands that it will be adjudicated guilty of the offense to which it has pleaded guilty and may thereby be deprived of certain rights. The defendant understands that the Government reserves the right to notify any state or federal agency by whom it is licensed, or with whom it does business, as well as any future employers of the fact of its conviction.

### Satisfaction of Federal Criminal Liability

The defendant's guilty plea, if accepted by the Court, will satisfy any federal criminal liability of the defendant in the District of Connecticut as a result of any matters this Office currently has under investigation. The defendant expressly understands and agrees that this agreement does not address any other federal criminal liability it may have elsewhere.

Stanley A. Twardy, Jr., Esq.                - 9 -                           November 22, 2004

No Other Promises

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
DEPUTY UNITED STATES ATTORNEY

PETER S. JONGBLOED
SUPERVISORY ASSISTANT U.S. ATTORNEY

JONATHAN BIRAN
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that it has read this plea agreement letter and its attachment(s) or has had it read or translated to it, that it has had enough time to discuss it with its attorney, that its attorney has answered any questions it had about it, that it sets forth the entire agreement and understanding between it and the Government, and that it fully understands and accepts the terms thereof.

Arthur A. Watson & Company, Inc.
Defendant
By _____

23 December, 2004
Date

I have read or thoroughly reviewed the plea agreement letter and its attachment to my client, who advises me that it understands and accepts its terms.

_____
STANLEY A. TWARDY, JR., ESQ.
Counsel for Arthur A. Watson & Company, Inc.

23 December 2004
Date

## RIDER CONCERNING RESTITUTION

The Court may order that the defendant make restitution under 18 U.S.C. § 3663. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -

    (I) the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

The order of restitution shall be a condition of probation or supervised release. The order of restitution also has the effect of a civil judgment against the defendant. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's resentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. § 3614. The Court may also order that the defendant give notice to any victim(s) of its offense under 18 U.S.C. § 3555.